**Tarsem Lal VASUDEVA, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–3991–AG.**

United States Court of Appeals, Second Circuit.

July 13, 2006.

Tarsem Lal Vasudeva, pro se, Richmond Hill, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Varuni Nelson, Steven Kim, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

Present JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Tarsem Lal Vasudeva petitions for review of the BIA decision summarily affirming the decision of Immigration Judge

("IJ") Adam Opaciuch denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews *de novo* questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). This Court reviews agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In order to satisfy the "on account of" element, the applicant must show that the persecution suffered arose from the applicant's race, religion, nationality, membership in a particular social group, or political opinion. *See, e.g., INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Even if the petitioner did have a political opinion, he must also have a well-founded fear of persecution *because* of that political opinion, rather than because of his refusal to comply with his persecutors' demands. *Id.* at 483, 112 S.Ct. 812.

Here, Vasudeva's own testimony indicates that the militant Sikhs did not abuse him on account of his Hindu religion, political opinion, or membership in a particular social group, but rather because he refused to cooperate with their demands for information regarding rich people to rob in the area. He specifically stated in his asylum application that he did not belong to any political parties, and his reason for refusing to give the militants information was that he "didn't want to include in their party."

Vasudeva testified that the militants were Sikh terrorists who fought against the government to create Khalistan. However, the "on account of" requirement is not satisfied by the persecutor's political motive. *Id.* at 482, 112 S.Ct. 812. Moreover, there is no information in the record indicating that the militants even knew Vasudeva's religion or considered him part of a particular group or class of people, or were motivated by anything other than their greed and a desire to gain useful information from Vasudeva.

The IJ's determination that Vasudeva failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground is substantially supported by the record as a whole; his denial of asylum and withholding of removal was thus appropriate. Because Vasudeva does not address the IJ's denial of CAT relief before this Court and did not address it before the BIA, he has waived any challenge to that finding. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (holding that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below").

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.